UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

v.                                                   NO. 91-410

JHAN GIBBS                                           SECTION "F"

ORDER AND REASONS

Before the Court is Jhan Gibbs's request for credit for time served. For the reasons that follow, the request is DENIED.

**Background**

In 1994, Jhan Gibbs was convicted of conspiracy to distribute cocaine and for using a firearm during and in relation to a drug trafficking crime. This Court sentenced Gibbs to 262 months in prison on the conspiracy count, and sentenced him to a consecutive prison term of 60 months for his use of a firearm during drug trafficking. The Fifth Circuit affirmed Gibbs's convictions on direct appeal. Meanwhile, following the Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), this Court granted Gibbs's habeas petition, vacating his conviction on the firearm count.

1

Gibbs's five year term of supervised release began on November 12, 2010. This Court revoked Gibbs's supervised release term on June 12, 2013, and, noting the indisputably serious nature of the violations, sentenced him to serve five years in prison relative to his prior drug conspiracy conviction.[1] The Fifth Circuit affirmed the five year term of imprisonment. <u>United States v. Gibbs</u>, 578 Fed. App'x 396 (5th Cir. 2014). Gibbs now seeks credit for time served in state custody.

## I.

### A.

Gibbs has written the Court a letter, which has been construed as a motion requesting credit for time served. Gibbs says that he was advised by the Bureau of Prisons that no determination regarding concurrency and no jail credit could be awarded to him,

---

[1] The United States Probation Office's dispositional report failed to reflect that Gibbs's firearm conviction had been vacated by this Court in May 1997. Accordingly, consistent with the Probation Office's recommendation, the Court also sentenced Gibbs to an additional 24 months of imprisonment on the firearm count. Gibbs made no objection, but upon his timely appeal, the Fifth Circuit upheld Gibbs's challenge to the revocation of his supervised release term on the firearm count and the concomitant imposition of the two-year revocation sentence. <u>United States v. Gibbs</u>, 578 Fed. App'x 396 (5th Cir. 2014). This Court then vacated its Judgment and Order Revoking Supervised Release insofar as the judgment imposed a two-year revocation sentence relative to Gibbs's vacated firearm conviction. His five-year term of imprisonment relative to the drug conspiracy count was affirmed and, therefore, unaffected.

unless it was the Court's intention.  The government opposes Gibbs's request for credit, contending that the issue is not properly before the Court because only the Bureau of Prisons has the authority to calculate credit for good time or time served.

*B.*

Section 3584 governs the imposition of multiple terms of imprisonment and outlines the circumstances in which the terms run concurrently or consecutively, as well as the factors to be considered by the sentencing court in determining whether to impose concurrent or consecutive terms.  18 U.S.C. § 3584 (vesting district courts with discretion to run a sentence concurrently where "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.").[1] Notably, the statutory presumption of subsection (a) is that "[m]ultiple terms of imprisonment imposed at different times are to run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).[2]  Subsection (b) governs

---

[1] Two categories of defendants are eligible for a concurrent sentence under § 3584: those subject to "multiple terms of imprisonment ... imposed ... at the same time," and those who are "already subject to an undischarged term of imprisonment." "Nothing in the statute authorizes the district court to extend the benefit of a concurrent sentence to a third category of defendants, those who have previously served sentences, now completed, for related crimes." United States v. Lucas, 745 F.3d 626, 629 (2d Cir. 2014).

[2] This presumption applies with equal force when a federal sentencing court fails to mention a prior state sentence. Jones v. Joslin, 635 F.3d 673, 674 (5th Cir. 2011) ("when the sentencing

3

calculation of a term of imprisonment and, in particular, credit for prior custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1991). "Although the statute does not explicitly say who is responsible for calculating the [§ 3585(b)] credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons." See United States v. Wynder, No. 15-31073, --- Fed.Appx. ---, 2016 WL 4547228, at *1 (5th Cir. Aug. 31, 2016)(citing Wilson, 503 U.S. at 334-35); see also United States v. Binion, 981 F.2d 1256 (5th Cir. 1992)(per curiam)("district courts have no jurisdiction to grant or deny credits at sentencing. The computation of credits is wholly the

---

court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence.").

function of the United States Attorney General after the defendants begin their sentences.").

When a defendant is serving time on a prior conviction that relates to a new charge, United States Sentencing Guideline § 5G1.3(b) allows the district court to "[1] adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) [order that] the sentence for the instant offense shall ... run concurrently to the remainder of the undischarged term of imprisonment." Nevertheless, "'[a] defendant's eligibility for [a benefit under § 5G1.3(b)] is derivative of his eligibility for a concurrent sentence' under 18 U.S.C. § 3584." United States v. Lucas, 745 F.3d 626, 629 (2d Cir. 2014)(quoting United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001)).  If, on the other hand, the prior sentence for a related crime has been discharged, the sentencing court retains the discretion to downwardly adjust the federal sentence to account for the time served on the prior sentence if the defendant's prior term of imprisonment otherwise would have met the requirements of § 5G1.3.  USSG § 5K2.23 (also providing that "[a]ny such departure should be fashioned to achieve a reasonable punishment for the instant offense.").

5

II.

Gibbs urges the Court to amend its judgment to clarify that the five-year federal term of imprisonment should run concurrent to the state court sentence reflected in the Probation Office Dispositional Report; or, he urges the Court to otherwise adjust the five-year revocation sentence to reflect credit for the time he has spent in state custody.  Gibbs fails to demonstrate that he is entitled to relief from this Court relating to the Bureau of Prisons's execution of his sentence.

At the time he was sentenced to five years in federal prison upon revocation of his supervised release, on June 12, 2013, neither Gibbs nor his counsel requested that he receive credit for time served in state custody.  Nor was there any request that the federal sentence should run concurrently to the ostensibly then-undischarged two-year state sentence imposed months earlier on January 3, 2013.  Nor did the U.S. Probation Office suggest that the Court apply the sentencing guidelines provisions now invoked by Gibbs.  Because the Judgment and Order Revoking Supervised Release is silent as to the state court sentence, consistent with the statutory presumption of § 3584(a), the sentences run consecutively.  See Jones, 635 F.3d at 674-75 (citing 18 U.S.C. § 3584(a)).

Given the post-sentencing posture of his present request, Gibbs fails to persuade the Court that it is authorized to *at this*

6

*time*, or that it should in its discretion, amend its prior judgment to adjust his sentence to reflect credit for time he has served in state custody.[3]  Likewise, Gibbs fails to persuade the Court that it is authorized to otherwise retroactively order that his federal sentence and (then-undischarged, but . . . now . . . presumably, discharged) state sentence should run concurrently.[4]

Accordingly, Gibbs's motion is DENIED.  Insofar as he seeks credit for time served in state custody, Gibbs must direct that request to the Bureau of Prisons.

                              New Orleans, Louisiana, December 4, 2016


                        _____
                              MARTIN L. C. FELDMAN
                              UNITED STATES DISTRICT JUDGE

---

[3] Again, now that Gibbs is in the custody of the Bureau of Prisons, it is that agency and not this Court that has the authority to compute credit for time served.

[4] That the Court is unapprised of the status of the state sentence underscores why requests like Gibbs's must be directed to the agency tasked with administering his sentence.  "Notably, 'the United States Supreme Court [has] held that § 3585(b) does not authorize a ... court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." United States v. Setser, 607 F.3d 128, 132-33 (5th Cir. 2010)(citations omitted), aff'd, --- U.S. ---, 132 S.Ct. 1463 (2012).  "In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody," the Fifth Circuit has instructed, "the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations." Id. at 133 (citations omitted).